## CATHERINE D. SMITH vs. JAMES W. COLCORD.

Suffolk. March 31. — April 4, 1874. AMES & DEVENS, JJ., absent.

The lien given by the Gen. Sts. c. 151, § 29, to boarding-house keepers, "on the baggage and effects brought to their houses, belonging to their guests or boarders, except mariners, for all proper charges due for fare and board," attaches as and when the fare and board are furnished.

If a guest of a boarding-house keeper pays board by the week, and by his contract nothing is due until the end of the week, the lien, given by the Gen. Sts. c. 151, § 29, nevertheless, in the mean time attaches.

TORT for an assault. Trial in the Superior Court before *Putnam*, J., who, after a verdict for the defendant, allowed the following bill of exceptions :

" The plaintiff kept a boarding-house on Washington Street, Boston, and the defendant boarded with her. It appeared in evidence, from the plaintiff's own testimony, that the defendant paid his board by the week, and that a week's board would be due and payable on Saturday night, and not until that time ; and early in the morning of that day, the defendant undertook, against the will of the plaintiff, and without paying her anything for his board during that week, to move his baggage and effects from his room and from the house. The plaintiff closed the door of his room and stood against it to prevent him and his teamsters from moving out said things, telling him that she should not allow him to move out without his paying her. Whereupon the defendant took her by the shoulders and threw her down, and proceeded to move out his things. The testimony was conflicting as to the degree of the assault. The plaintiff testified that at the time of this removal the week's board was not due or payable. There was no evidence tending to show that the object of the defendant in thus removing was to evade payment of his board other than

that he attempted to move his goods, without paying the board for that week; but he testified that he was intending to change his boarding-place at the end of that week. The plaintiff's attorney asked the presiding judge to rule that under the provisions of the Gen. Sts. *c.* 151, § 29, the plaintiff had a lien on the baggage and effects of the defendant at that time for board up to the time of removal of the same, to wit, on said Saturday morning. But the judge declined so to rule, and instructed the jury that, as nothing was due or payable for his board for that week, until that night, the plaintiff had no lien on said goods and effects until it was due and payable, and she had no right to detain them for her lien, to which the plaintiff's attorney excepted. Other suitable instructions in reference to the assault were given, not excepted to, the only question being as to the construction of the statute aforesaid in reference to the lien."

*J. H. Butler*, for the plaintiff, cited *Perkins* v. *Boardman*, 14 Gray, 481; *Stickney* v. *Allen*, 10 Gray, 352; *Hollingsworth* v. *Dow*, 19 Pick. 228.

*G. W. Morse*, for the defendant. At common law a boarding-house keeper could not claim a lien on the personal property or baggage of a boarder for the price of board. Bac. Ab. Inns & Innkeepers, D. *Ewart* v. *Stark*, 8 Rich. 423. The lien then under which the plaintiff claimed to retain the defendant's baggage was wholly a creation of statute law. The contract for board could not be apportioned, and there was no lien until the board was due. *Bayley* v. *Merrill*, 10 Allen, 360.

MORTON, J. The statute provides that "boarding-house keepers shall have a lien on the baggage and effects brought to their houses belonging to their guests or boarders, except mariners, for all proper charges due for fare and board." Gen. Sts. *c.* 151, § 29. The design of this provision is to give the boarding-house keeper the security of a lien upon the baggage of the guest for the board furnished him. This lien attaches as and when the board is furnished. Otherwise a guest who had obtained credit upon the strength of the lien, might destroy the security of the boarding-house keeper by a sale or by removing the goods, at any time before the bill for board became payable by the contract: a result which is inconsistent with the nature of the lien, and which defeats the purposes of the statute. *Bayley* v. *Merrill*, 10 Allen, 360. *Exceptions sustained.*