The People of the State of New York on the Complaint of
Emi Klamt, Plaintiff, *v.* F. J. Loeffler, Defendant.

Magistrate's Court of New York, Borough of Manhattan, Fourth District,
December 19, 1934.

*Rudin & Pollack* [*David Rudin* of counsel], for the complainant.

*Joseph R. Truesdale* [*William I. Hart* of counsel], for the defendant.

Aurelio, City Magistrate. Complainant seeks to hold the defendant for larceny for his refusal to return to her certain baggage belonging to her. The defendant is the manager of the Hotel Gladstone and claims a lien on the property under section 181 of the Lien Law for an unpaid bill for accommodation and food furnished. The Hotel Gladstone concededly is an apartment hotel within the meaning of the Lien Law.

The evidence shows that before complainant was accepted as a guest she informed the defendant that she had no money, and that one Schlatter, a friend of hers, arranged with defendant to grant her at least one month's time to pay her bill while she was a guest as she was then expecting funds from some source, and said Schlatter also guaranteed the payment of the bill. Complainant remained in the hotel from April 6 to June 5, 1934, when she was locked out and her baggage withheld, because no payments at all were made. Thereafter, complainant was arrested, tried and

acquitted in the Court of Special Sessions for a violation of section 925 of the Penal Law which deals with hotel frauds. The acquittal evidently was based on the ground that credit was extended, because the section also provides that " this provision· shall not apply where there has been a special agreement for delay in payment."

There is some dispute as to whether the credit was extended for one month only or for the entire period. In view of the conclusion that I have reached I think it is immaterial as to how long credit was extended.

When Schlatter arranged with defendant to give complainant time to pay her bill nothing was said about defendant waiving his innkeeper's lien on the baggage. The court cannot assume that the lien was waived without some evidence from which that inference may be drawn. Otherwise, every time a hotelkeeper allows a guest a few more days to pay he would run the risk of waiving his lien, " a result which is inconsistent with the nature of the lien, and which defeats the purpose of the statute." (*Smith* v. *Colcord*, 115 Mass. 70.) In that case the court had under consideration a statute substantially like ours (Lien Law, § 181). The court said: " The statute provides that ' boarding-house keepers shall have a lien on the baggage and effects brought to their houses belonging to their guests or boarders, except mariners, for all proper charges due for fare and board.' Gen. Sts. c. 151, Sec. 29. The design of this provision is to give the boarding-house keeper the security of a lien upon the baggage of the guest for the board furnished him. This lien attaches as and when the board is furnished. Otherwise a guest who had obtained credit upon the strength of the lien, might destroy the security of the boarding-house keeper by a sale or by removing the goods, at any time before the bill for board became payable by the contract; a result which is inconsistent with the nature of the lien, and which defeats the purposes of the statute."

Complainant also urges that the agreement made by Schlatter with the defendant created the relation of landlord and tenant, and, therefore, the Lien Law does not apply, and cites the case of *Kuszewska* v. *Steiger Hotel Operating Co.* (152 Misc. 80) as authority for this proposition. The court in that case held that section 181 of the Lien Law " does not purport to give a lien for rent or telephone charges in a case where * * * the apartment was occupied under a yearly lease creating the relation of landlord and tenant." There is nothing before me indicating an intention to create the relation of landlord and tenant. All that defendant did was to grant complainant more time within which to pay her

bill than was usual. This, in itself, did not operate to create the relation of landlord and tenant. Nor did the defendant by his act of kindness waive his legal right to the lien. True, payment was postponed, but this did not nullify the lien.

The complaint is dismissed.